UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRADLEY TATUM BRAXTON,

                Plaintiff,

v.                                                  Case No. 17-cv-1072-PP

OUTAGAMIE COUNTY, *et al.*,

                Defendants.

---

**ORDER SCREENING PLAINTIFF'S AMENDED COMPLAINT (DKT. NO. 10)**

---

The plaintiff, a Wisconsin prisoner who is representing himself, filed an amended complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights at the Outagamie County Jail. Dkt. No. 10. This order screens the amended complaint, and allows the plaintiff to proceed on an Eighth Amendment claim against defendant Kaphingst; the court dismisses the other defendants.

A.    <u>Standard for Screening Complaints</u>

The PLRA requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court may dismiss a case, or part of it, if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is

1

entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis in Twombly to determine whether a complaint states a claim. Id. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not supported by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B. Facts Alleged in the Complaint

The amended complaint alleges that many of the guards at the

2

Outagamie County Jail know that the plaintiff has a medical condition. Dkt. No. 10 at 1. He says that when he came back to the jail after a court appearance, he told the medical staff at the jail that he was going to be released "shortly," and that he would need his medication. Id. The plaintiff says that "normal policy" is for the jail to release inmates with any medications. Id. He says that his medication is "known to prevent episodes of confusion." Id.

The plaintiff alleged that on July 10, 2017, he was released from the jail. Dkt. No. 10 at 1. The plaintiff asserts that Cpl. R. Kaphingst was handling his release. Id. The plaintiff told Kaphingst that he needed his "psych medication" before they released him; Kaphingst responded that "there was no medication" and refused to call the medical staff. Id. The plaintiff alleges that one of the reasons that Kaphingst "didn't take the time to look into" the plaintiff's medication was because Kaphingst was trying to "rush and get [the plaintiff] out of the jail." Id. at 2.

The plaintiff says that once he was released from custody, he wandered around the city of Appleton for several days "in a confused state." Id. at 1. He asserts that because he did not receive his medication before his release, he ended up being arrested for burglary. Id. He was taken back to the jail, and he couldn't pay his bond. Id. The jail, however, resumed giving him his same medication once he returned. Id. The plaintiff wrote a grievance, and "was told that [he] should have been given [his] medication." Id.

The plaintiff has named three defendants—Outagamie County, Kaphingst and "Correct Care Solution." Id. He alleges that Kaphingst violated his civil

3

rights by disregarding his mental health issues, and that Kaphingst was deliberately indifferent "to the risk of releasing [the plaintiff] without [his] medication." Id. The amended complaint (which is not on the court's official complaint form) does not ask for any relief.

C.  Legal Analysis of Alleged Facts

To state a claim for relief under §1983, the plaintiff must allege that: (1) someone deprived him of a right secured by the Constitution or laws of the United States; and (2) the person who deprived him of that right was acting under the color of state law. Buchanan-Moore v. Cty.. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004).

The court first notes that, while the plaintiff listed Outagamie County and Correct Care Solution in the caption of his complaint, he has not alleged that they did anything to violate his rights. Section 1983 allows a plaintiff to sue a "person" who deprived him of his civil rights while acting under color of state law. Outagamie County is not a "person;" it is a government unit. A plaintiff can sue a government unit under §1983, but only if the plaintiff states sufficient facts to show that "action pursuant to official municipal policy" caused his injury. Connick v. Thompson, 563 U.S. 51, 60-61 (2011) (quoting Monell v. NY City Dept. of Social Servs., 436 U.S. 658, 691 (1978)). The plaintiff has not alleged that Outagamie County engaged in an official policy of depriving released inmates of their medications—in fact, he argues that the jail

4

policy provided for the jail to give inmates their medications upon release. The court will dismiss Outagamie County as a defendant.

Correction Care Solutions is not person, either. It is a private health care provider that contracts with prisons. A plaintiff can sue a private entity under §1983 if the plaintiff alleges sufficient facts to show that the private entity's deprivation of his constitution rights was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the [S]tate or by a person for whom the State is responsible . . . [and] the party charged with the deprivation must be a person who may be fairly said to be a [S]tate actor." Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 815 (7th Cir. 2009) (quoting Lugar v. Edmonsdon Oil Co., Inc., 457 U.S. 922, 937 (1982)). The plaintiff has not alleged any of those things; he has not even explained what he believes Correct Care Solutions did to violate his rights.[1] The court will dismiss Correct Care Solutions as a defendant.

That leaves Kaphingst. The plaintiff has alleged that Kaphingst was deliberately indifferent to the plaintiff's medical condition, because even though the plaintiff told Kaphingst that he needed his medication, Kaphingst claimed that there was no medication, and refused to call the medical staff to check.

---

[1] In his original complaint, the plaintiff sought damages from Correct Care Solutions for not providing him with his medications upon release. Dkt. No. 1 at 6. In his order screening the plaintiff's complaint, Judge Jones pointed out that the plaintiff had not identified a custom or policy that Outagamie County or Correction Care Solutions imposed at the jail that violated his rights. Dkt. No. 9 at 5. Judge Jones allowed the plaintiff to amend his complaint to try to remedy that deficiency. Id. at 8. The plaintiff's amended complaint provides even less information about Outagamie County and Correct Care Solutions than did the original complaint, and, as Judge Jones told the plaintiff it would, the amended complaint has taken the place of the original complaint. Id. at 7.

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Prison officials violate the Eighth Amendment when they show "deliberate indifference" to a substantial risk of serious harm to inmate health or safety. Id. at 834-35. Jail officials are deliberately indifferent when they know of a substantial risk of serious harm, but disregard that risk. Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011) (citing Greeno v. Daley, 414 F.3d 610, 653 (7th Cir. 2005)).

The Eighth Amendment, however, requires the government to provide medical care only "for those whom it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 103 (1976). When an inmate is in custody, he must "rely on prison authorities to treat his medical needs," because the inmate "cannot by reason of the deprivation of his liberty, care for himself." Id. at 103-104 (quoting Spicer v. Williamson, 191 N.C. 487, 490 (1926)). Put another way, "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." DeShaney v. Winnebago Cty. Dept. of Soc. Serv's, 489 U.S. 189, 200 (1989) (citation omitted). The state's duty, however, "arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation it has imposed on his freedom to act on his own behalf." Id. (citing Estelle, 429 U.S. at 103-104).

6

Arguably, once the prisoner is released, he cannot depend on the government to provide for his needs; he can act for himself. Sarauer v. Frank, Case No. 04-c-273, 2004 WL 2324981 at *14 (W.D. Wis. Oct. 6, 2004)). Judge Griesbach, the chief judge of this district, has noted that there is question regarding whether failing to give someone release meds violates any constitutional right. Ryan v. Armor Health, Case No. 17-c-1156, 2018 WL 2324110 at *3 (E.D. Wis. May 22, 2018).

In Ryan, Judge Griesbach pointed out that one circuit court—the Ninth Circuit—"has held that a state custodian may be found to have acted unconstitutionally in failing to provide an inmate transitional medication upon release." Id. The case was Wakefield v. Thompson, 177 F.3d 1160 (9th Cir. 1999). In that case, the Ninth Circuit "found that a prisoner's ability to secure medication 'on his own behalf' was 'not necessarily restored the instant he walks through the prison gates and into the civilian world.'" Ryan, 2018 WL 2324110 at *3 (quoting Wakefield, 177 F.3d at 1164). The Ninth Circuit concluded that the state's failure to provide enough medication to cover a released inmate's "'transitional period'" "'amount[ed] to an abdication of its responsibility to provide medical care to those, who by reason of incarceration, are unable to provide for their own medical needs.'" Id. Even though he found that other courts had disagreed, Judge Griesbach concluded that, "[g]iven the uncertainty of the law on what may be an issue of first impression in this circuit," he would allow the plaintiff to proceed on his allegation that the

Milwaukee County House of Corrections violated the Constitution when it released him without his meds. Id.

This court, for the same reasons, will allow the plaintiff to proceed on an Eighth Amendment claim against Kaphingst.

D.  Conclusion

The court **ORDERS** that defendants Outagamie County and Correct Care Solutions are **DISMISSED**.

The court **ORDERS** the United States Marshal to serve a copy of the complaint and this order on defendant Cpl. R. Kaphingst under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendant Cpl. R. Kamphuis to file a responsive pleading to the complaint.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** the plaintiff to mail all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 13th day of September, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**